JOSÉ CARLE SANTIAGO, Plaintiff and Appellant, *v.* ECONOMIC STABILIZATION ADMINISTRATION, Defendant and Appellee.

No. CE-64-7.        Decided October 15, 1964.

*E. Berríos Dávila* for appellant. *Miguel Franquiz Ventura* and *Alvaro Ortiz* for appellee. *A. Quirós Méndez* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: According to the decision in *Riera* v. *Super. Ct.; Adm'r Econ. Stab., Int.,* 79 P.R.R. 598 (1956), the Administrator of Economic Stabilization refused to fix a reasonable rent for the lease of a vacant lot in which the lessee corporation built a dismountable aluminum structure with concrete floor which served as office, and at the same time to keep under cover and in exhibition the cars that lessee had for sale, as he was engaged in the automobile business. In that construction and other improvements the lessee spent around $6,000. When the first lease contract was executed in the year 1955 for a rental of $125, it was established that lessee would deliver the lot empty, as it was delivered to him, leaving no structure therein. In 1957 a new lease contract was executed for substantially higher rental of $275, and on that date the lessee had already built the structure. The previous clause as to the removal of the structure was reproduced. When the owner demanded a rental of $500, which lessee considered oppressive, the latter requested the Economic Stabilization Administration to fix a reasonable rent. At first the Administration fixed a provisional rent of $300, but later overruled said order following the doctrine established by this Court in *Riera, supra* and definitively refused to intervene. The Superior Court, San Juan Part, affirmed the decision of the Administrator.

We issued certiorari to consider the ruling established in *Riera* in the light of other facts and circumstances present in this case, different from the situation in the latter, among

others the fact that the construction was necessary for the purpose of lessee's business.

■ While appeal was pending before us, the Legislative Assembly amended Act No. 67 of June 19, 1964, among others, §§ 4 and 22 of the Reasonable Rents Act, and by virtue of said Act, which took effect immediately after its approval, and its amendments, lots devoted to any purpose —§ 22 (e)—when included in the definition of "rental property" have remained under the regulations of the Reasonable Rents Act and the jurisdiction of the Administrator.

■■ This appeal does not involve the fixing of a provisional rent. On the other hand, any rent fixed by the Administrator may not be retrospective by express provision of the law. In the absence of said circumstances, and in view of aforementioned Act No. 67, any decision rendered by this Court would lack efficacy and would be academic, because if it affirms the decision of the trial court the Administrator is empowered to fix the rent of said lot, and if reversed, the Administrator has been granted said authority by Act No. 67.

The appeal will be dismissed as academic, for the reasons stated above.